UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

September 8, 2017

## LETTER ORDER

Re: *Joe Hand Promotions, Inc. v. Laguna Lounge Limited Co., et al.*
<u>Civil Action No. 16-9184 (ES) (MAH)</u>

Dear Counsel:

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") brought this action against Defendants Ivan Arroyo ("Arroyo") and Laguna Lounge Limited Liability Company d/b/a Laguna Lounge a/k/a Tres Cuartos ("Laguna Lounge") pursuant to the Communications Act, 47 U.S.C. §§ 553 and 605. (*See* D.E. No. 1 ¶¶ 2-4). Pending before this Court is Joe Hand's Motion for Default Judgment. (D.E. No. 7).

Joe Hand "held the exclusive commercial distribution rights to the broadcast of *Miguel Cotto v. Canelo Alvarez*," which was telecast nationwide on November 21, 2015 (the "Program"). (D.E. No. 1 ¶ 1; *see also id.* ¶ 8). On that evening, the Program was allegedly exhibited to patrons of Laguna Lounge, which operates, maintains and controls the establishment located at 1007 Summit Avenue, Jersey City, New Jersey 07307 (the "Establishment"). (*See id.* ¶¶ 2(d), 10-12). This was done without authorization from Joe Hand. (*See id.* ¶¶ 10-12).

In support of its Motion, Joe Hand provided the Court with a redacted copy of the distribution agreement that gave it an exclusive right to license the exhibition of the Program to commercial establishments. (*See* D.E. No. 7-2 (titled "Closed Circuit Television Distribution Agreement <u>Miguel Cotto v. Canelo Alvarez</u>")). Further, Joe Hand provided the Court with an affidavit by an auditor in support of its Motion. (D.E. No. 7-3). Joe Hand relies on this affidavit to purportedly show that an auditor visited the Establishment, paid a cover charge, noted that the Establishment had an approximate occupancy of 100 people, and observed 84 patrons watching the Program. (D.E. No. 7 ¶ 11). This is relevant because, according to Joe Hand, its Rate Card for the Program requires any establishment with "Minimum Seating" of 0-100 to pay Joe Hand $2,200.00 for a license to legally exhibit the Program. (*Id.* ¶ 11; D.E. No. 7-4).

The problem is, however, that the auditor's affidavit explicitly states that, inside the Establishment, he "observed the following program on [four] televisions: **The eighth round, of Takashi Miura v. Francisco Vargas**." (D.E. No. 7-3 (emphasis added)). Nowhere is the *Miguel Cotto v. Canelo Alvarez* Program referenced in the auditor's affidavit. (*See id.*).

1

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Here, there is no proof that the Establishment—which purportedly had an approximate occupancy of 100 people—exhibited the Program. (*See* D.E. No. 7-3). As Joe Hand's own motion reveals, this forecloses granting default judgment with the requested damages. (*See* D.E. No. 7 ¶¶ 21-22, 30).

Accordingly, Joe Hand's motion for default judgment (D.E. No. 7) is DENIED *without prejudice*. Joe Hand may file a renewed motion for default judgment by no later than 45 days from this Letter Order or else this action will be closed **without further notice**.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**