**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 16-9184 (ES) (MAH)** |
| | : | |
| **v.** | : | **MEMORANDUM** |
| | : | |
| **LAGUNA LOUNGE LIMITED** | : | |
| **LIABILITY COMPANY d/b/a** | : | |
| **LAGUNA LOUNGE a/k/a TRES** | : | |
| **CUARTOS, IVAN ARROYO,** | : | |
| | : | |
| **Defendants.** | : | |

**SALAS, DISTRICT JUDGE**

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") brought this action against Defendants Laguna Lounge Limited Liability Company d/b/a Laguna Lounge a/k/a Tres Cuartos ("Laguna Lounge") and Ivan Arroyo ("Arroyo") (collectively, "Defendants") pursuant to the Communications Act of 1934, 47 U.S.C. §§ 553 and 605. (*See* D.E. No. 1 ¶¶ 2-4). The Clerk of Court entered default against both Defendants, and pending before the Court is Joe Hand's second Motion for Default Judgment (the "Motion"). (D.E. No. 9).

## I. Background, Jurisdiction, Service & the Propriety of Default Judgment

Joe Hand "is a company that specializes in distributing and licensing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar establishments." (D.E. No. 1 ¶ 7). Relevant here is that Joe Hand "held the exclusive commercial distribution rights to the broadcast of *Miguel Cotto v. Canelo Alvarez*" and certain undercard bouts (detailed below)—which was telecast nationwide on November 21, 2015 (the

"Program"). (*Id.* ¶ 1; *see also id.* ¶ 8; D.E. No. 9-2 ("Closed Circuit Television Distribution Agreement")). "The Program broadcast originated via satellite uplink, and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal." (D.E. No. 1 ¶ 8). Defendants pirated the Program and exhibited it to patrons of Laguna Lounge—which operates, maintains and controls the establishment located at 1007 Summit Avenue, Jersey City, New Jersey 07307 (the "Establishment"). (*See id.* ¶¶ 2(d), 10-13).

In support of its Motion, Joe Hand provided the Court with a redacted copy of the distribution agreement that gave it an exclusive right to license the exhibition of the Program to commercial establishments. (*See* D.E. No. 9-2). The distribution agreement designates Joe Hand "as the exclusive closed-circuit television distributor . . . for the sole purpose of soliciting orders from third parties for the right to exhibit the live closed-circuit telecast . . . of the boxing match between <u>Miguel Cotto vs. Canelo Alvarez</u>", including "the attendant Pay Per View undercard bouts." (*Id.* at 1). Specifically, there were three undercard bouts: (1) Jayson Velez v. Ronny Rios; (2) Guillermo Rigondeaux v. Drian Francisco; and (3) Takashi Miura v. Francisco Vargas. (*See* D.E. No. 9 at 1 n.1).

Joe Hand also provided the Court with an affidavit by an auditor in support of its Motion. (D.E. No. 9-3). Joe Hand relies on this affidavit to show, among other things, that an auditor visited the Establishment on November 21, 2015 at 11:30 p.m. for five minutes, paid a $5.00 cover charge, noted that the Establishment had an approximate occupancy of 100 people, observed 82-84 patrons (based on three head counts), and observed the eighth round of Takashi Miura v. Francisco Vargas (i.e., one of the undercard bouts) on all four televisions in the Establishment. (*Id.*). Joe Hand's proffered Rate Card for the Program requires any

establishment with "Minimum Seating" of 0-100 to pay Joe Hand $2,200.00 for a license to legally exhibit the Program. (*See* D.E. No. 9-4).

*First*, the Court is satisfied it has subject matter jurisdiction under 28 U.S.C. § 1331 (*e.g.*, D.E. No. 1 ¶ 4), as well as personal jurisdiction over both Defendants (*see* D.E. No. 4 (proof of service)). *See* Fed. R. Civ. P. 4(e), (h)(1); N.J. Ct. R. 4:4-4(a). *Second*, Joe Hand states a sufficient cause of action because, as noted above, it has come forward with allegations and evidentiary support that Defendants violated 47 U.S.C. § 605 by: (1) intercepting a broadcast; (2) doing so without authorization; and (3) showing the broadcast to others. *See Joe Hand Promotions, Inc. v. Ballinrobe Dev., Inc.*, No. 17-1294, 2017 WL 2656020, at *2 (D.N.J. June 20, 2017); *see also Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) ("[T]he Court should accept as true the well-pleaded factual allegations of the Complaint . . . ."). *Third*, default judgment is proper because: (1) nothing at this juncture suggests that Defendants have a meritorious defense; (2) without default judgment Joe Hand does not have an avenue to vindicate its claim; and (3) Defendants' failure to respond—without any apparent explanation—permits the Court to infer culpability on their part. *See Ballinrobe Dev.*, 2017 WL 2656020, at *2; *Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798, at *3 (D.N.J. Mar. 2, 2017).

The Court therefore finds that default judgment is warranted.

## II.    Damages

Based on the foregoing, Joe Hand seeks damages under 47 U.S.C. § 605 (and not 47 U.S.C. § 553). (*See* D.E. No. 9 at 1-4).[1] "Where, as here, a plaintiff seeks statutory damages,

---

[1]    "The unauthorized receipt of radio communications, including satellite transmissions, is proscribed by 47 U.S.C. § 605(a), while a different statute, 47 U.S.C. § 553 prohibits such reception of communications transmitted over a wired cable system. In a case such as this one, where Defendants have failed to respond in any way to Plaintiff's Complaint and therefore are not available to engage in the discovery process, it is virtually impossible for

costs, and attorney's fees, a court may award damages without a hearing." *Batra*, 2017 WL 838798, at *3 (citation omitted).

*First*, Joe Hand seeks statutory damages in the amount of $3,200.00. (D.E. No. 9 at 4). Based on the submitted proofs, however, $2,200 is appropriate—and the Court declines Joe Hand's invitation to award it $1,000 for "estimated profits received by Defendants." (*See* D.E. No. 9 at 4-5); *see Joe Hand Promotions, Inc. v. Candelera Assoc. LLC*, No. 16-9177, 2017 WL 2304646, at *2 (D.N.J. May 25, 2017) ("The plaintiff seeks $5,000 in statutory damages. However, the award falling under the heading of statutory damages should approximate the actual damages suffered by the plaintiff, i.e., the unpaid sublicense fee for an establishment to show the Program. . . . [T]he defendants would have been required to pay a sublicense fee of $2,200. Therefore, the Court awards the plaintiff $2,200 in statutory damages."). Here, a license to lawfully exhibit the Program would have cost $2,200.00—and this is the amount the Court awards for statutory damages. (*See* D.E. No. 9-4).

*Second*, Joe Hand seeks $9,600 in enhanced damages by multiplying its requested statutory damages of $3,200 by three. (D.E. No. 9 at 5-6). Joe Hand states that this "will fairly achieve the statutory goals of restitution and deterrence." (*Id.* at 6).

> To calculate enhanced damages[,] courts within the district consider the following five factors: (1) whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast.

---

Plaintiff to learn the specific method of interception of the Broadcast signal. In such instances, courts in this district have found it proper to award statutory damages under either statute." *Joe Hand Promotions, Inc. v. Waldron*, No. 11-0849, 2013 WL 1007398, at *1 n.2 (D.N.J. Mar. 13, 2013).

*Batra*, 2017 WL 838798, at *4 (citation omitted).  Besides the fifth factor concerning the cover charge of $5.00 (*see* D.E. No. 9-3), Joe Hand's submissions do show that the other four factors are at issue here.  The auditor's affidavit indicates that one Corona was purchased for $5.00—but not that a one-drink minimum was required.  (*See id.*).  Accordingly, the Court multiplies the cover charge ($5.00) by the highest headcount (84) to award enhanced damages in the amount of $420.00.  *Cf. Batra*, 2017 WL 838798, at *4 ("Plaintiff's auditor states that during the night of the broadcast there was a $20 cover charge, a one drink minimum, and a required hookah purchase, which totaled $32.50. . . . The Court will award enhanced statutory damages of $2,015, which is equal to the highest count multiplied by $32.50.").  This "is sufficient to deter future conduct and provide restitution." *See id.*

*Finally*, Joe Hand is entitled to attorney's fees and costs under 47 US.C. § 605(e)(3)(B)(iii).  Its costs include $400.00 to file this lawsuit, $140.00 for service, and $1,600.00 in attorney's fees (based on 6.4 hours of work at an hourly rate of $250).  (D.E. No. 9 at 6-7).  Thus, the Court awards $2,140.00 for fees and costs, which the Court finds reasonable based on the explanation provided by Joe Hand's counsel.  (*See id.*).[2]

## III.    Conclusion

For the reasons above, the Court grants Joe Hand's motion for default judgment. Judgment is entered against Defendants in the amount of $4,760.00, which reflects $2,200.00 in statutory damages, $420.00 in enhanced damages, and $2,140.00 in costs and attorney's fees. An appropriate Order accompanies this Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2]    The Court notes that this amount aligns with fees and costs awarded in other cases in this District involving similar circumstances with Joe Hand and the same counsel.  *See, e.g., Ballinrobe Dev.*, 2017 WL 2656020, at *4; *Candelera Assoc.*, 2017 WL 2304646 at *3; *Batra*, 2017 WL 838798, at *4.